IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John S. Stritzinger, | ) | C/A No. 3:15-1219-TLW-PJG |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Bankruptcy Court, | ) | |
| | ) | |
| Interested Party. | ) | |
| _____ | ) | |

This bankruptcy appeal is before the court for a Report and Recommendation pursuant to Local Civil Rule 73.02(B)(2) (D.S.C.). The Appellant Debtor, John S. Stritzinger, who is self-represented, appeals an order of the United States Bankruptcy Court for the District of South Carolina denying Stritzinger's motion to reconsider and reopen a miscellaneous bankruptcy proceeding. (Notice of Appeal at 1, ECF No. 1 at 1.) This court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158, which grants district courts jurisdiction to hear appeals from "final judgments, orders, and decrees" of bankruptcy judges. 28 U.S.C. § 158(a)(1). Having carefully considered Stritzinger's submissions and the applicable law, the court concludes that the Bankruptcy Court's order should be affirmed and Stritzinger's appeal dismissed.

## BACKGROUND

Stritzinger submitted a document with the title "Petition for Bankruptcy" to the United States Bankruptcy Court for the District of South Carolina on February 2, 2015. (ECF No. 9-1.) Due to deficiencies in the pleading, the Bankruptcy Court docketed the Petition as a Miscellaneous Proceeding and mailed Stritzinger a deficiency notice allowing him ten days to cure the deficiencies,

which included Stritzinger's failure to pay the filing fee, failure to indicate the chapter under which he wished to proceed, and failure to provide a petition in accordance with official forms as required by the Federal Rules of Bankruptcy Procedure. (ECF No. 9-2.) The notice further warned Stritzinger that failure to cure the deficiencies could result in dismissal of the case. (Id.) Stritzinger did not timely respond to the deficiency notice. Instead, he belatedly submitted a letter to the Bankruptcy Court referencing forms filed in the "Western Texas District Court" under Chapter 11. (ECF No. 9-4.) Stritzinger further asked the Bankruptcy Court to waive the filing fee in his miscellaneous case based on an affidavit filed in another court. (Id.) Based on Stritzinger's failure to submit filings sufficient to commence a bankruptcy case, the Bankruptcy Court denied the request to waive the filing fee and closed the Miscellaneous Proceeding by an order filed on February 18, 2015. (ECF No. 9-5.) Stritzinger filed a motion to reconsider closure of the case, which the court denied by an order filed on March 4, 2015. (ECF Nos. 9-6 & 9-7.) Stritzinger then timely filed a notice of appeal, but failed to pay the required filing fee. (ECF No. 9-8.) The Bankruptcy Court directed Stritzinger, by letter, to submit the required total filing fee. (ECF No. 9-9.)

Stritzinger had not yet paid the filing fee, as required by Rule 8003(a)(3)(C) of the Federal Rules of Bankruptcy Procedure, when this court received the Notice of Appeal. Further, Stritzinger had not submitted a designation of items to be included in the record on appeal and a statement of the issues to be presented. See Fed. R. Bankr. P. 8009(a)(1). Therefore, this court issued an order on April 15, 2015 advising Stritzinger of the procedural deficiencies in this case and directing him to comply with the Federal Rules of Bankruptcy Procedure. (ECF No. 5.) Stritzinger responded to the order by filing a motion for reconsideration. (ECF No. 8.) This motion requests permission to proceed *in forma pauperis* based on information provided in another case pending before this court,

Page 2 of 7



and aks the court to "remand the cause to the Bankruptcy court on appeal." (Id. at 2.) Stritzinger attached to the motion a copy of a Petition under Chapter 11 filed in the United States Bankruptcy Court for the Western District of Texas in September of 2013. (ECF No. 8-1 at 1-14.) Stritzinger also filed a separate motion to proceed *in forma pauperis*, again seeking to proceed without prepayment of the filing fee based on information provided to the court in another case, but providing no current information to evaluate his ability to pay the filing fee. (ECF No. 10.)

## DISCUSSION

### A.     Standard of Review

Section 158 of Title 28 of the United States Code authorizes district courts to act as appellate tribunals for final orders from bankruptcy courts. 28 U.S.C. § 158(a)(1). The standard of review of a bankruptcy appeal by a district court is the same as when a court of appeals reviews a district court proceeding. See 28 U.S.C. § 158(c)(2). Accordingly, a district court reviews the bankruptcy court's findings of fact for clear error, and its legal conclusions *de novo*. See Nat'l Heritage Found., Inc. v. Highborne Found., 760 F.3d 344, 347 (4th Cir. 2014); SG Homes Assoc., LP v. Merinucci, 718 F.3d 327, 334 (4th Cir. 2013). A finding of fact is clearly erroneous when a review of the entire record shows that " 'a mistake has been committed.' " United States v. Hall, 664 F.3d 456, 462 (4th Cir. 2012) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). "Mixed questions of law and fact are also reviewed de novo." Zurich Am. Ins. Co. v. Tessler (In re J.A. Jones, Inc.), 492 F.3d 242, 249 (4th Cir. 2007).

It is well established that, "[i]f an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal." In re Weiss, 111 F.3d 1159, 1173 (4th Cir. 1997). However, before a court may dismiss an appeal for violation of a procedural rule, it must take at least



one of the following steps: "(1) make a finding of bad faith or negligence; (2) give the appellant notice or an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives." In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992) (citation omitted); see also In re SPR Corp., 45 F.3d 70, 74 (4th Cir. 1995) (noting that a district court must "consider and balance all relevant factors").

### B.    Stritzinger's Appeal

#### 1.    Failure to Cure Procedural Defects

Because dismissal is a "harsh sanction which a district court must not impose lightly," In re Serra Builders, Inc., 970 F.2d at 1311, this court provided Stritzinger with notice of the violations of the Federal Rules of Bankruptcy Procedure, and an opportunity to cure such violations prior to dismissal of this appeal. However, Stritzinger has not submitted the filing fee for this bankruptcy appeal as required by Rule 8003(a)(3)(C) of the Federal Rules of Bankruptcy Procedure, or provided sufficient information for the court to evaluate whether indigent status is appropriate in this case. Moreover, Stritzinger has not timely submitted a designation of items to be included in the record on appeal and a statement of the issues to be presented pursuant to Federal Rule of Bankruptcy Procedure 8009(a)(1), or attempted to cure this deficiency in response to the court's order.

While "failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, [it is a ground] for the district court . . . to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2). "[C]ourts have recognized that dismissing a bankruptcy appeal is proper when a filing fee is unpaid," Rahmi v. Sheehan, C/A No. 3:14-CV-134, 2015 WL 845585, at *2 (N.D. W. Va. Feb. 25, 2015) (collecting



cases), and have sanctioned dismissal of an appeal when a designation of items for inclusion in the record is not timely filed. See In re Serra Builders, Inc., 970 F.2d at 1311.

In this case, Stritzinger is self-represented; therefore, whether based on negligence or bad faith, he is solely responsible for his failure to comply with the bankruptcy rules in this appeal. See In re Simmons, 256 B.R. 578, 579 (Bankr. D. Md. 2001) (holding that an appellant's "*pro se* status [did] not excuse her from satisfying the duties and responsibilities imposed by the Bankruptcy Code"). Further, Stritzinger has been provided notice of, and an opportunity to cure, the procedural deficiencies in this case, but has failed to comply with the directives of the bankruptcy court and an order of this court to do so. Thus, having considered and balanced the factors outlined in Serra Builders, 970 F.2d at 1311, the court finds that there is no apparent alternative to dismissal available in this case. Accordingly, the bankruptcy appeal should be dismissed.

### 2. No Clear Error or Mistake

Even if the procedural violations were cured in this case and the court were to grant Stritzinger's motion to proceed *in forma pauperis*, a review of the record indicates that the Bankruptcy Court's closure of Stritzinger's miscellaneous bankruptcy action resulted from his own failure to comply with the bankruptcy rules. Thus, there is no indication from the record or Stritzinger's notice of appeal that the bankruptcy court committed any error or mistake in closing and refusing to reopen Stritzinger's miscellaneous bankruptcy action. See In re Cantera Dorado, Inc., 512 B.R. 126, 131 (Bankr. D.P.R. 2014) (dismissing bankruptcy appeal where debtor had "no foot on which to stand on appeal" because the order appealed resulted from his own failure to comply with the bankruptcy rules); see also In re Wells, C/A No. 1:06CV00103, 2007 WL 1447898, at *1 (W.D. Va. May 14, 2007) (dismissing the bankruptcy appeal where "no error appears or has

been suggested with respect to the bankruptcy court's order, and the debtor-appellant has been given sufficient opportunity to comply with the rules without result"). Accordingly, the Bankruptcy Court's order should be affirmed and Stritzinger's appeal dismissed.

### RECOMMENDATION

Based on the foregoing, the court recommends that the Bankruptcy Court's order be affirmed, and that this appeal be dismissed. The court further recommends that Stritzinger's motion for reconsideration (ECF No. 8) and motion for leave to proceed *in forma pauperis* (ECF No. 10) be denied.[1]

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 6, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[1] The United States Court of Appeals for the Fourth Circuit has recently clarified that a Magistrate Judge must issue a recommendation, rather than an order, for denial of a motion to proceed *in forma pauperis*. See Hunter v. Roventini, Nos. 14-2259, 15-1019, 2015 WL 3483102, at *1 (4th Cir. June 3, 2015).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).